**Thelma M. HOUSTON, Plaintiff,**

v.

**REEVES BROTHERS, INC., Defendant.**

**No. C–C–85–543–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 29, 1986.

Pamela A. Hunter, Hamrick, Hunter, Pickard & Finch, Charlotte, N.C., for plaintiff.

Max E. Justice, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for defendant.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER came on to be heard and was heard before the undersigned without a jury at Charlotte, North Carolina on November 12, 1986. The Plaintiff was represented by Pamela A. Hunter, Attorney at Law, of the North Carolina Bar, and the Defendant was represented by Max E. Justice and Margaret Whiteside Smith, Attorneys at Law, both also of the North Carolina Bar.

At the close of the Plaintiff's evidence, Defendant moved for a dismissal pursuant to Fed.R.Civ.P. 41(b) on the ground that upon the facts and the law the Plaintiff has shown no right to relief.

After hearing the testimony and examining the exhibits offered by Plaintiff, the Court is of the opinion that Defendant's Motion pursuant to Rule 41(b) should be *granted* and makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

(1) Jurisdiction over this case is based on Title 28 U.S.C. §§ 1331, 1343 and Title 42 U.S.C. § 2000e–5(f)(3).

(2) Plaintiff, Thelma M. Houston, is a resident of Mecklenburg County, North Carolina. Ms. Houston is a black female formerly employed by Defendant.

(3) Defendant, Reeves Brothers, Inc., is an "employer" as defined by § 701(b) of Title VII.

(4) Plaintiff was employed by Defendant in August 1975. Plaintiff remained employed with Defendant until February 20, 1985, at which time she was terminated from employment by Defendant.

(5) In the fall of 1984, and until her termination from employment on February 20, 1985, Plaintiff was a baler operator.

(6) As a baler operator Plaintiff had to use her right hand and arm in a circular motion in order to turn a handle and lock the door to the baler. While closing the baler door, Plaintiff often had to use her left hand and arm to push foam inside the door or put pressure on the exterior of the door to close it. After a bale was made, Plaintiff had to open the back door to remove the bale using her left hand and arm in a circular motion to open and close the door. Plaintiff completed four to seven bales per shift in this manner.

(7) In 1984, Plaintiff frequently worked more than eight hours per shift and also frequently worked overtime on Saturdays.

(8) In October 1984, Plaintiff developed pain in her right hand and a knot on the back of her right hand. Dr. Stephen Nasco diagnosed the condition as synovitis. The synovitis in Plaintiff's hand was linked to the repetitive motion of her hand and arm in operating the baler. Plaintiff also reported to Defendant and Dr. Nasco that she thought the baler operator job had caused her hand problem.

(9) Defendant had a policy and practice that when an employee was injured on a job and return to that job or continuation in that position would likely cause further injury or a reoccurrence of medical problems, such employee was required to bid on another job within ninety days or be terminated.

(10) On November 20, 1984, Marc White, a personnel official of Defendant, and Garfield Carr, Plaintiff's supervisor, met with Plaintiff and told her that she could not remain in her baler operator job because it was likely that operating the baler would cause a reoccurrence of the problem with her hand. Plaintiff was told that she would have ninety days in which to bid on a new job in order to remain employed with Defendant.

(11) Plaintiff was familiar with the bidding procedure and had used the same bidding procedure to bid on a job in May of 1976.

(12) Plaintiff bid on a job on January 15, 1985, but turned down the position because it was not a first shift job.

(13) Officials of Defendant encouraged Plaintiff to interview for other jobs in February 1985 and arranged opportunities for Plaintiff to examine the other jobs even though she had not bid for them.

(14) Plaintiff bid for one other job in February, 1985 but was not awarded the job. This job required skills which the Plaintiff did not have. The job went to another black female.

(15) From November 20, 1984 through February 20, 1985 there were numerous job vacancies which were posted by the Defendant and for which Plaintiff could have bid.

(16) Defendant's actions concerning the Plaintiff described above were based on good faith business necessity and in accordance with non-discriminatory business practices utilized for the protection of the health and safety of Defendant's employees.

(17) Plaintiff was terminated from employment with Defendant because of her failure to abide by Defendant's non-discriminatory employment policies which were known to Plaintiff.

## CONCLUSIONS OF LAW

(1) The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and Title 42 U.S.C. § 2000e–5(f)(3).

(2) 42 U.S.C. § 2000e–2(a) provides:
It shall be unlawful for an employer—
(1) to ... discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . .

(3) 42 U.S.C. § 2000e–3(a) provides:
It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an

unlawful employment practice by this subchapter....

(4) 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts....

(5) In a private, non-class-action complaint under Title VII charging racial employment discrimination, the claimant has the burden of first establishing a *prima facie* case of discrimination. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Such a *prima facie* case can be established by showing:

(1) Plaintiff belongs to a racial minority;

(2) Plaintiff was qualified for the job;

(3) though qualified, Plaintiff was rejected; and

(4) the employer continued to seek applicants with Plaintiff's qualifications.

To establish a *prima facie* case, the Plaintiff must prove:

actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were "based on a discriminatory criterion illegal under the Act."

*Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978) (quoting *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)).

(7) Under either the *McDonnell-Douglas* or the *Furnco Construction* proof scheme, Plaintiff has not established a *prima facie* case because she has not shown by a preponderance of the evidence that she applied for a job for which she was qualified and for which she was rejected. The Plaintiff's own evidence shows that Plaintiff knew of Defendant's policy regarding job injury and the requirement that an employee must bid on another job within ninety days or be terminated. Plaintiff's evidence showed that she was advised by a personnel official of Defendant that she would have to bid for another job. Plaintiff's evidence showed that she turned down a position because it was not a first shift job. Plaintiff's evidence showed that the Defendant arranged opportunities for her to examine other jobs, but she did not apply for them. Plaintiff's evidence shows that the other job which Plaintiff did apply for in February 1985, required skills which she did not have; but, that position went to another black female. Plaintiff simply did not apply for positions for which she was qualified during the ninety-day bidding period. She has, therefore, failed to make a *prima facie* case of discrimination.

(8) Consequently, the Court concludes that the Plaintiff's evidence, taken in a light most favorable to her case, fails to establish any right to relief upon the facts and the law. Thus, Defendant's Motion pursuant to Rule 41(b) should be granted.

(9) Any finding of fact which is determined to be a conclusion of law is so deemed, and any conclusion of law which is determined to be a finding of fact is so deemed.

(10) A Judgment dismissing the Plaintiff's action with prejudice will be filed simultaneously with this Memorandum of Decision.